UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANNINE L. MILLER,

                              Plaintiff,

        - against -

ANDREW M. SAUL, COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant.

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

19 Civ. 1579 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jeannine Lee Miller brought this action pursuant to § 205(g) of the Social

Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final determination of the

Commissioner of Social Security (the "Commissioner") denying her application for Disability

Insurance Benefits.  (Cmplt. (Dkt. No. 2))  The Commissioner has moved to dismiss Plaintiff's

claims.  (Mot. (Dkt. No. 10))

        On February 28, 2019, this Court referred the case to Magistrate Judge Barbara C.

Moses for a Report and Recommendation ("R&R").  (See Order of Reference (Dkt. No. 6))

        On April 22, 2019, the Commissioner filed its motion to dismiss Plaintiff's claims

as time-barred.  (Mot. (Dkt. No. 10))

        On January 10, 2020, Judge Moses issued an 11-page R&R recommending that

the Commissioner's motion be granted and that this action be dismissed. (R&R (Dkt. No. 14))

        In her R&R, Judge Moses notified the parties that they had fourteen days from

service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of

the Federal Rules of Civil Procedure.  (Id. at 11)  The R&R further states that "[f]ailure to file

objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id.)  Neither side has filed objections to the R&R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed Judge Moses' R&R for clear error.

The Commissioner argues that the Complaint is time-barred and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Def. Br. (Dkt. No. 11) at 1)

In her R&R, Judge Moses finds that the deadline for Plaintiff to file a civil action seeking review of the Commissioner's determination was February 15, 2019. (R&R (Dkt. No. 14) at 2) Judge Moses notes that "[o]n January 11, 2019, in response to [P]laintiff's 'request for more time to file a civil action . . . ,' the [Commissioner] extended her time to file that civil action 'for 30 days from the date you receive this letter.' . . .[The Commissioner] explained [that] '[w]e [will] assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.'" (R&R (Dkt. No. 14) at 2 (quoting Prelle Decl. (Dkt. No. 12) ¶ 3(c) & Ex. 4 at 36)) Judge Moses then correctly determined that the "Court can take judicial notice of the existence and contents of the Extension Letter, which is part of the [] underlying administrative record. . . . Therefore, the pending motion may be adjudicated pursuant to Rule 12(b)(6)." (Id. at 7 (citing Thomas v. Comm'r of Soc. Sec., 2017 WL 3475435, at *3 (S.D.N.Y. June 22, 2017)))

Judge Moses then observes that while the Complaint is dated February 13, 2019, the Clerk's Office did not receive the Complaint until February 19, 2019 – four days past the filing deadline. (Cmplt. (Dkt. No. 2)) In the Complaint, Plaintiff does not explain why she failed to ensure that her pleading reached the Clerk's Office on or before February 15, 2019. (Id.) Judge Moses correctly finds that the Complaint is "not deemed filed – and hence this action was not commenced – until the Clerk's Office received it on February 19, 2019." (R&R (Dkt. No. 14) at 8-9 (citing Fed. R. Civ. P. 3; Houston v. Lack, 487 U.S. 266, 274 (1988) ("receipt by the district court is required") (emphasis in original); Galage v. Colvin, No. 15 3305 GBD, 2015 WL 9684602, at *2 (S.D.N.Y. Oct. 23, 2015) ("A civil action is commenced by filing a complaint with the court. In the Second Circuit, filing requires the delivery of papers into the actual custody of the Clerk of the Court.") (citations and internal quotation marks omitted)))

Judge Moses also correctly concludes that the Complaint is untimely because it reached the Clerk's Office after the deadline.  (Id. at 9 (citing Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 78 (2d Cir. 2003) ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline.")))

As to equitable tolling, Judge Moses notes that Plaintiff has not requested such tolling.  (Id. at 10 (citing Davila v. Barnhart, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002) ("Plaintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.")))  When Plaintiff mailed her Complaint on February 13, 2019 – two days before the deadline – she did so by certified mail.  She chose not to utilize express or overnight mail, which would have guaranteed expedited delivery.  See In re Genesis Health Ventures, Inc., No. 00 2692 JHW, 2007 WL 1876384, at *1 (D. Del. June 24, 2007) (holding that appellant did not demonstrate "excusable neglect" or "good cause" for his late-filed notice of appeal where he failed to "select an express or overnight mail service, but instead sent the notice via certified first class mail").

This Court has reviewed the remainder of Judge Moses' R&R and finds it to be well-reasoned and free of clear error.  See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).  Accordingly, Judge Moses's R&R is adopted in its entirety, and the Complaint will be dismissed as time-barred.

## **CONCLUSION**

    For the reasons stated above, the Commissioner's motion to dismiss is granted.

The Clerk of the Court is directed to terminate the motion (Dkt. No. 10) and to close the case.

Copies mailed by Chambers.

Dated:  New York, New York
   July 30, 2020

          SO ORDERED.

          _____
          Paul G. Gardephe
          United States District Judge